At the Courthouse of the United States District Court for the Eastern District of New York, located at 225 Cadman Plaza East, Brooklyn, New York, on the ____ day of _____, 2009

P R E S E N T:

<u>HON. VIKTOR V. POHORELSKY</u>
UNITED STATES MAGISTRATE JUDGE

----------------------------------------------------------------X
OLGA MORROBEL, MANUEL SANCHEZ and
OLGA MORROBEL and MANUEL SANCHEZ as
Parents and Natural Guardians of
KIMBERLY SANCHEZ, an Infant Under
the Age of 14 Years,

                        Plaintiffs,

-against-

LIEUTENANT JAMES CAHILL, P.O. "JOHN DOE"
1-12 and THE CITY OF NEW YORK,

                        Defendants.
----------------------------------------------------------------X

08 CV 813 (VVP)

COMPROMISE ORDER

Upon reading and filing the annexed affidavit of OLGA MORROBEL and MANUEL SANCHEZ, sworn to the 8th day of August, 2009, the declaration of ALAN D. LEVINE, ESQ., dated August 5, 2009, and upon the pleadings and proceedings heretofore had herein, and sufficient reason appearing therefrom that it is in the best interest of the infant plaintiff, KIMBERLY SANCHEZ, to settle and compromise the above-captioned cause of action and OLGA MORROBEL and MANUEL SANCHEZ, her parents and natural guardians, having appeared before the court with the infant and their attorney and consented to the compromise settlement of this action and the court having waived any further appearances by the infant and her parents, and having

waived further appearances or approval by the defendants, and it appearing that the best interests of the infant will served by said settlement, it is

ORDERED, ADJUDGED AND DECREED, that OLGA MORROBEL and MANUEL SANCHEZ, the parents and natural guardians of the infant, KIMBERLY SANCHEZ, are hereby authorized to settle and compromise the claim of the infant, KIMBERLY SANCHEZ, against LIEUTENANT JAMES CAHILL, P.O. "JOHN DOE" 1-12 and THE CITY OF NEW YORK for the sum of Seven Thousand Five Hundred ($7,500.00) Dollars, said sum to be attained through payment by The City of New York of Seven Thousand Five Hundred ($7,500.00) Dollars and it is further

ORDERED, ADJUDGED AND DECREED, that, out of said total sum, there be paid to ALAN D. LEVINE, the attorney for the plaintiffs, the sum of Two Thousand Five Hundred ($2,500.00) Dollars, as his entire compensation, including disbursements, in the infant's claim and it is further

ORDERED, ADJUDGED AND DECREED, that the sum of Five Thousand ($5,000.00) Dollars, be paid to OLGA MORROBEL and MANUEL SANCHEZ, the parents and natural guardians of KIMBERLY SANCHEZ, an infant, jointly with an officer of

located at

for the sole use and benefit of said infant and to be deposited in said bank in the guardians' names and custody for said infant and in a guardian account upon the following conditions:

    (a)    Said account shall be fully insured at all times.

(b)     Said funds shall be deposited in an account having the highest yield available, irrespective of whether it is a savings account, a certificate of deposit or other form of time deposit, subject to the limitations contained therein and subject to further order of this Court.

(c)     If all or part of said funds are deposited in a savings certificate or other form of time deposit, the date of maturity of said deposit shall not extend beyond the date when said infant attains the age of eighteen (18) years, and upon the maturity of said deposit, said funds shall be reinvested in some form of account to the end that said funds shall continue to draw interest at the highest available yield, and it is further

ORDERED, ADJUDGED AND DECREED, that the bank is authorized and hereby directed, upon said infant's demand, without further order of the Court, to pay over, when she reaches the age of eighteen (18) years, all monies held by it in said account, and it is further

ORDERED, ADJUDGED AND DECREED, that said bank is authorized and directed to maintain One Hundred Percent (100%) of said fund in a form of deposit yielding the highest dividend return to the infant plaintiff, providing that said fund shall not be in such a form that it will not all be available to the infant plaintiff when she attains the age of eighteen (18) years of age, and it is further

ORDERED, ADJUDGED AND DECREED, that upon full compliance with the terms of this order, the parents, OLGA MORROBEL and MANUEL SANCHEZ, be and hereby are authorized and empowered to execute and deliver a general release on behalf of the infant, KIMBERLY SANCHEZ, and to deliver any other instrument necessary to effectuate the settlement herein.

E N T E R:

_____
U.S.M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
OLGA MORROBEL, MANUEL SANCHEZ and
OLGA MORROBEL and MANUEL SANCHEZ as        08 CV 813 (VVP)
Parents and Natural Guardians of
KIMBERLY SANCHEZ, an Infant Under
the Age of 14 Years,
                          Plaintiffs,

                                                                            AFFIDAVIT

        -against-

LIEUTENANT JAMES CAHILL, P.O. "JOHN DOE"
1-12 and THE CITY OF NEW YORK,

                          Defendants.
-----------------------------------------------------------------------X

STATE OF NEW YORK  )
                             ) ss.:
COUNTY OF KINGS    )

        OLGA MORROBEL and MANUEL SANCHEZ, being duly and jointly sworn, depose and say:

        1.    Your affiants reside at 241 New Jersey Avenue, Brooklyn, New York 11207. We are the parents and natural guardians of the infant plaintiff, KIMBERLY SANCHEZ, who was born on June 8, 2004. The infant plaintiff resides with us at the above-listed address.

        2.    On November 28, 2006, the infant, KIMBERLY SANCHEZ, was injured when several of the individual defendants broke down the door of a bedroom where she was present with her mother and entered the room.

        3.    As a result of the aforesaid incident, the infant plaintiff was traumatized. She was seen by a psychiatrist on one occasion in January 2007 for the purpose of dealing with the trauma that she suffered. A copy of his report is annexed hereto. In his report, he said that she seemed to be doing well. We believe that she has completely recovered from her upset.

4. All expenses incurred for the treatment of our infant daughter's injuries have been paid.

5. We retained the Office of Alan D. Levine, Esq., 80-02 Kew Gardens Road, Suite 302, Kew Gardens, New York 11415 to prosecute this action fully on behalf of the infant plaintiff.

6. We believe that the proposed settlement that Mr. Levine has obtained in this action is fair and equitable and that it should be accepted in the best interests of our infant daughter.

7. Each of us also made a claim for damages suffered in the incident. We have settled our claims for the amount of Two Thousand Five Hundred ($2,500.00) Dollars each.

8. The retainer agreement provides that Mr. Levine, representing our daughter, is to receive a fee equal to one-third of the sum recovered.

9. No prior application for the relief requested has been made.

10. WHEREFORE, we respectfully request that a judgment be entered approving the proposed settlement of the claim of the infant in the sum of Seven Thousand Five Hundred ($7,500.00) Dollars.

_____
OLGA MORROBEL

_____
MANUEL SANCHEZ

Sworn to before me this
8th day of August  2009

_____
NOTARY PUBLIC

Shahin Akhter
Notary Public, State of New York
No. 01AK6114597, Qualified in Queens County
Commission Expires. August 23, 2012



# THE BROOKDALE UNIVERSITY HOSPITAL AND MEDICAL CENTER
## HEALTH MAINTENANCE VISIT

SANCHEZ, KIMBERLY MARIE
IGNACIO, ERLINDA G.   COINMA   Loc: FLA
DOB: 06/08/2004
U#: 1419008
R#: 43815805
DATE: 11/30/2006
RM:

**TWO YEARS**   DATE   AGE

- **INFORMANT:** _____   **CURRENT PHONE:** _____
- **PARENTAL CONCERNS / INTERIM HISTORY:** _____

future headache(?)

- **ADDITIONAL HISTORY:**

~7 policemen came to apt building + started searching all apt. doors for something ? drugs / ? dealers

- **MEDICATIONS:**

- **ALLERGIES:** ☐ None Known

Kimberly saw policemen handcuffed Daddy w/ his face down on floor

- **SOCIAL HISTORY:**
  - Who Lives at Home _____
  - Primary Caretaker _____
  - Support Systems _____
  - Financial Resources _____

child started crying + so scared to the point that now she couldn't sleep, nor eat + would scream if she hears sirens

- **FEEDING:** ☐ 16-24 Ounces of Milk Per Day
- **ELIMINATION:** ☐ Toilet Training  ☐ Constipation _____
- **SLEEP:** _____
- **DEVELOPMENT:** Personal/Social: Removes Garment ☐ Y ☐ N   Brushes Teeth with Help ☐ Y ☐ N
  - Fine Motor: Throws Overhand ☐ Y ☐ N
  - Language: Two Word Phrase ☐ Y ☐ N   Six Body Parts ☐ Y ☐ N
  - Gross Motor: Walks Up Stair ☐ Y ☐ N
  - Parental Concerns About Hearing? ☐ Y ☐ N   Parental Concerns About Vision? ☐ Y ☐ N   Parental Concerns About Speech? ☐ Y ☐ N
- **ANTICIPATORY GUIDANCE/SAFETY:**
  - Safety: ☐ Gun in Home  ☐ Electrical Plug Covers  ☐ Balloons and Plastic Bags  ☐ Front Facing Car Seat  ☐ Sun Protection
  - Nutrition: ☐ Three Meals with Family  ☐ Avoid Struggles at Meals  ☐ Nutritious Snacks
  - Parenting: ☐ Time Out, Discipline  ☐ Potty Plan: Sign of Readiness  ☐ Dentist at 2 Years, Then Every Six Months  ☐ Peer Interactions

F0481 (8-00)

J. Jobin
M.O.A

### PHYSICAL EXAMINATION:

T-37.3    3rd visit

| Weight: 30 lbs | %ile | Height: 3 ft cm | %ile | Head Circ: cm | %ile | Pulse | RR |
|---|---|---|---|---|---|---|---|

**General:** alert (NAD) cooperative
**Skin:** no rash
**HEENT (Strabismus, Caries):** no congest

**Lungs:** clear
**CV:** no (m)
**Abdomen:** benign
**GU:**
**Musculoskeletal:** none
**Neuro:**

### SCREENING:

Hct (once between 15 months - 4 years)  ☐ Prev Normal  ☐ Today
Lead (yearly; high risk every 6 months)  ☐ Prev Normal  ☐ Today
PPD May be Indicated If High Risk  ☐ Done Today
High Risk for TB (e.g. is or near homeless, incarcerated, IV drug users, HIV infected, migrant worker)?  ☐ Y  ☐ N

### ASSESSMENT:

A) Emotional Trauma
P) [policemen came to apt. bldg. searching for drugs + dealers]

Immunizations Up to Date?  ☐ Y  ☐ N
Any Contraindications to Routine Daycare Activities?  ☐ Y  ☐ N

### PLAN:

☐ Return in One Year

social worker for section 8 is already aware + comes to visit family

PD Psyche

Cor/inst. given

**DISCUSSED AND SEEN WITH:**
RTC × 6 mos.
Preceptor Name/Signature

Provider Name/Signature _____ /3796

F0481 (8-00)

# THE BROOKDALE HOSPITAL MEDICAL CENTER

BHMC UNIT NO. 820285

### COMMUNITY MENTAL HEALTH CENTER OF THE DEPARTMENT OF PSYCHIATRY
### CONTINUING NOTES

PATIENT NAME: Marmol  Olga

APPOINTMENT DATES — KEPT / MISSED

1/12/07  Re: Kimberly Sanchez.

Child seen for diag evaluation. Hx reviewed. Child has known language delay corroborated by visual screening. She is approximately 6 mos to 1 year delayed in spoken language however shows normal level of Intx function based on pointing on a picture book. Neurological integration is normal. Known to be product of a pregnancy complicated by gestational Diabetes.

Overall demeanor cht/ning an animated after brief period of apprehension. Actively engaged in social interaction with examiner. Relates warmly and appropriately to her mother.

Complaints of fearfulness upon hearing loud noises attenuated over time. Now negligible according to mother — perhaps 1-2x/week and becoming less intense.

Dx: Developmental Language Disorder

Rec: Supportive counselling for mother. I should reevaluate the child in 6 mos.

Winsberg
10214

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
OLGA MORROBEL, MANUEL SANCHEZ and
OLGA MORROBEL and MANUEL SANCHEZ as
Parents and Natural Guardians of
KIMBERLY SANCHEZ, an Infant Under
the Age of 14 Years,                             08 CV 813 (VVP)

               Plaintiffs,        DECLARATION OF
                                ALAN D. LEVINE

- against -

LIEUTENANT JAMES CAHILL, P.O. "JOHN DOE"
1-12 and THE CITY OF NEW YORK,

               Defendants.
-----------------------------------------------------------X

     ALAN D. LEVINE, ESQ., an attorney admitted to practice before this court, declares the following to be true under the penalty of perjury:

     1.    On December 4, 2006, I was retained to prosecute a claim on behalf of the infant plaintiff, Kimberly Sanchez, as a result of her being emotionally upset when the individual defendants broke down her bedroom door and entered her room.

     2.    I interviewed the parents of the infant plaintiff. I drafted and filed a notice of claim and represented the infant's parents at the hearings held pursuant to New York General Municipal Law §50-h. I drafted, filed and caused to have served the summons, complaint and jury trial demand in this action. I served initial disclosures, reviewed defendants' initial disclosures and obtained and reviewed the infant's medical records. I prepared responses to defendants' interrogatories and document requests and prepared and served document requests upon the attorney for the defendants. I

participated in conferences before the Magistrate Judge, both in person and by telephone.

3. I engaged in settlement negotiations with the attorney for the defendants, ultimately arriving at an agreement for the City of New York, on behalf of the individual defendants and itself, to pay a settlement in the amount of $7,500.00 to the infant plaintiff. This offer of settlement has been communicated to the infant plaintiff's parents, as the infant plaintiff is under the age of fourteen years, and the infant plaintiff's parents have agreed to settle the infant plaintiff's action for that sum.

4. I am recommending the settlement on behalf of the infant plaintiff because I believe, after a review of her medical records and discussions with her parents, that it represents full and fair compensation for her injuries.

5. The infant plaintiff's parents have agreed to pay me one-third of any settlement or judgment that I obtained on behalf on the infant plaintiff. Therefore, I am requesting that this Court order that I receive $2,500.00 as my fee for representing the infant plaintiff in this action.

6. Your declarant has also prepared all papers for this application for compromise, including the affidavit of the parents and the order of compromise. I will also attend to the securing and signing of the order of compromise, and the collection of the settlement herein and will make arrangements for said money to be deposited in the proper bank as provided in said order.

7. Your declarant has not been concerned in this application or its subject matter at the instance of the defendants, directly or indirectly, and has not received and is not to receive any compensation from the defendants, directly or indirectly, nor from

any person or firm in connection with this case, and he has no interest nor does he represent any interest conflicting with that of the infant plaintiff. Your declarant is acting solely and only in the interest and for the benefit of the infant plaintiff.

8. No prior applications have been made for the order requested herein.

WHEREFORE, your declarant respectfully requests that the order be granted.

Dated: Kew Gardens, New York
       August 5, 2009

*Alan D. L.*
ALAN D. LEVINE, ESQ.